UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 03-53-P-H** |
| ) | |
| **RAYMOND GAGNON,** ) | |
| ) | |
| **DEFENDANT** ) | |

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE**

On November 21, 2003, I sentenced the defendant for conspiracy to distribute or possess with intent to distribute 50 or more grams of cocaine base ("crack cocaine"). Under the statute, the defendant faced a minimum sentence of 20 years. As a result, his Guidelines range was 240 months (because of the 20-year minimum) to 262 months. When the government filed a motion under 18 U.S.C. § 3553(e) and USSG § 5K1.1, however, I sentenced the defendant to 161 months, see Judgment (Docket Item 46), departing from the low end of the Guideline range.

On March 20, 2008, the defendant filed a motion for appointment of counsel on a form prepared by the Federal Defender's office in connection with reduction of sentences under the retroactive crack cocaine Guideline amendment. The motion is **DENIED**.

The defendant was sentenced under 21 U.S.C. § 841(b)(1)(A). That statute provides that where the crime involves 50 grams or more of a mixture or

substance containing crack cocaine and the defendant has a prior conviction for a felony drug offense, the sentence must be at least 20 years. That drug quantity calculation is statutory; it is unaffected by the recent Guideline amendment.

As a result, in this case, whatever changes the crack cocaine Guideline amendment might authorize in the underlying base offense level calculations or, for that matter, in any other Guidelines calculations, those changes cannot alter the ultimate statutory floor of 20 years—which depends upon 50 grams of crack cocaine and a prior conviction. 21 U.S.C. § 841(b)(1)(A). The best the defendant could hope for is 20 years as both the minimum and maximum. It is true that I reduced the original sentence for substantial assistance, but I measured the reduction from the statutory 20-year floor. Since a judge has authority to reduce a sentence in a case like this only if the "sentencing range . . . has subsequently been lowered," 18 U.S.C. § 3582(c)(2), and since the defendant's minimum sentencing range from where I measured the departure—20 years—has not been lowered, the crack cocaine Guideline amendment does not help him.

Accordingly, the motion to appoint counsel, treated also as a motion to reduce sentence, is **DENIED**.

**SO ORDERED.**

**DATED THIS 24TH DAY OF MARCH, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2